U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 12 CR 596-1 |
| v. | ) ) | Judge Amy J. St. Eve |
| EUGENE MULLINS, | ) ) | |
| Defendant. | ) ) | |

## ORDER

The Court grants the Cook County States Attorney's Office motion to quash [96].

## STATEMENT

On June 20, 2013, Defendant Eugene Mullins issued three subpoenas (the "June 20th Subpoenas") – one to Joseph Fratto, Office of Cook County Treasurer; one to Laura Lechowicz-Felicione, Office of the Cook County Board President; and one to the Cook County Purchasing Department – while two previous motions to quash ("Previous Motions") were pending before the Court. On July 11, 2013, the Court issued an order quashing the subpoenas at issue in the Previous Motions (the "Previous Order"). (R. 94.) On July 17, 2013, the Cook County States Attorney's Office ("Cook County") filed a motion to quash the June 20th Subpoenas. (R. 96.) On July 23, 2013, Cook County and the parties argued the merits of the pending motion to quash in open court. (R. 102.)

According to the Supreme Court, to require production of certain material prior to trial, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*U.S. v. Nixon*, 418 U.S. 683, 699, 94 S. Ct. 3090, 41 L. Ed. 2d 2039 (1974); *see also U.S. v. Kashmiri*, No. 09 CR 830-4, 2011 WL 1326373, at *4 (N.D. Ill. Apr. 01, 2011). Furthermore, as explained by the Seventh Circuit:

> Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge. Instead, it allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial.

*U.S. v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002).

The June 20th Subpoenas issued to Mr. Fratto and Ms. Lechowicz-Felicione contain a request seeking emails and reports between them and numerous individuals regarding 24-9 contracts. The Court previously quashed materially identical requests in its Previous Order, and incorporates the Previous Order here by reference. During oral argument, Defendant Mullins attempted to narrow his requests for emails and reports – to fewer people and to a particular timeframe – in an attempt to overcome the deficiencies the Court noted in its Previous Order. Defendant Mullins has failed to demonstrate, however, how even this narrower version of the request would obtain relevant documents. *See Nixon*, 418 U.S. at 699; *Tokash*, 282 F.3d at 971.

During oral argument, Defendant Mullins argued that these emails and reports would be relevant to combat allegations that he held significant power regarding the formation and approval of contracts. This argument fails for at least two reasons. First, Defendant Mullins' narrowed request still reaches beyond the contracts charged in the indictment. Second, the government stated that, contrary to Defendant Mullins' contention, the indictment does not allege that Defendant Mullins had all the power and control over the contracts at issue. Indeed, the indictment does not allege that Defendant Mullins was the "power man," as Defendant Mullins has claimed. Rather, the indictment alleges that Defendant Mullins submitted documents to assist others in obtaining contracts and that he solicited people to obtain payments from the proceeds of these contracts (R. 1, Indict. ¶ 3.) The indictment also alleges that he submitted documents containing misrepresentations and false invoices, and drafted contract proposals. (*See, e.g., id*. ¶¶ 6, 7, 10, 11, 15, 17, 19.) The Court, therefore, quashes the portions of the June 20th Subpoenas regarding emails and reports relating to the 24-9 contracts.

The Court also quashes the requests related to the Foreclosure Mediation Program for the reasons outlined in its Previous Order. For similar reasons, the Court also quashes the requests regarding Navistar Corporation, which is not at issue in this case.

Defendant Mullins also has failed to explain the relevancy of the documents requested in the June 20th subpoena served on the Cook County Purchasing Department (the "Purchasing Subpoena"). The Purchasing Subpoena seeks:

> The proposals, justification letter, invoices, purchasing order, solicitations, checks issued, approvals and proof of work performed for the following contracts:
>
> Business Unit #4901618 Harris Raymond L SR 19337 OP 94900050 $24,999 date issued 10/20/2009
> Business Unit #802896 Weintraub Gray A 169779 OP 90320022 $20,000 date issued 11/7/2009

Business Unit #81563 Adams DeLane 169338 OP 9400051 $24,999 date issued 10/20/2009.

(R. 96-1, Ex. F.) First, Defendant Mullins failed to describe these business units or requests for the Court during his argument, let alone link them to any contract charged in the indictment. Second, like the Navistar Corporation and the Mortgage Foreclosure Program, these business units are not at issue in the indictment. Because Defendant Mullins has not met the requirements of *Tokash* and *Nixon*, the Court also quashes these requests.

For the foregoing reasons, the Court grants Cook County's motion and quashes the June 20th Subpoenas.

Date: July 26, 2013

_____
AMY J. ST. EVE
United States District Court Judge